UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 03 2018
Clerk, U.S. District and
Bankruptcy Courts

)
EDWARD THOMAS KENNEDY, )
)
Plaintiff, )
)
v. ) Civil Action No. 18-2679 (UNA)
)
GEOFFREY W. CRAWFORD, et al., )
)
Defendants. )
)

## MEMORANDUM OPINION

The plaintiff's claims purportedly arose "in case 5:18-cv-139-gwc, in ECF Documents 3 and 4 filed 10/09/2018," Compl. ¶ 4, filed in the United States District Court for the District of Vermont. Chief Judge Crawford dismissed the case without prejudice under 28 U.S.C. § 1915(e)(2)(B), and the plaintiff has appealed the ruling to the United States Court of Appeals for the Second Circuit. *See Kennedy v. State of Vermont*, Civ. No. 5:18-cv-139 (D. Vt. Oct. 9, 2018), *appeal docketed*, No. 18-3341 (2d Cir. Nov. 1, 2018). The plaintiff has sued Chief Judge Crawford, three court employees and the court itself, Compl. ¶ 5, for assorted harms for which the plaintiff demands monetary damages, *see id.* ¶¶ 47-48, among other relief.

Chief Judge Crawford enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action taken in his judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam) (affirming dismissal of claim against United States

Tax Court Judge where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that the judge's "actions are taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), he is "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

The remaining defendants, too, are protected. "It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (quoting *Barr v. Matteo*, 360 U.S. 564 569 (1959)). Accordingly, the plaintiff's claims against these defendants fail. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram*, 986 F.2d at 1460. "The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases," *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011), and claims against such employees properly are dismissed, *see Young v. Levitan*, No. 1:18-CV-02045, 2018 WL 5817356, at *1 (D.D.C. Nov. 5, 2018).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 3, 2018

United States District Judge